## CHAMBERLAIN *v.* CHICAGO, B. & Q. R. Co.[1]

*(Circuit Court, E. D. Missouri.* March 24, 1886.)

STATUTE OF LIMITATIONS — MISREPRESENTATIONS BY PHYSICIAN AS TO EXTENT OF INJURY.

Where a person through whose negligence another has suffered an injury, places the injured party in the care of a doctor who has previously been the physician of both, and the physician misleads his patient as to the extent of his injuries by false and fraudulent misrepresentations, such misrepresentations will not prevent the statute of limitations from running.

At Law. Demurrer to petition.
*A. A. Paxson* and *A. R. Taylor,* for plaintiff.
*H. H. Trimble,* for defendant.

BREWER, J., (*orally.*) In the case of *Chamberlain* against *The Chicago, Burlington & Quincy Railroad Company* there is a demurrer to the petition. The petition alleges that the defendant is a resident of the state of Illinois; that in 1875 the plaintiff was injured while a passenger on one of its trains. This suit was brought in 1885, more than 10 years after the injury. The Missouri statute of limitations is five years. *Prima facie* it is a bar. Of course, generally, the *lex fori* controls as to matters of limitation. There are two exceptions named in the statute: One, "if the defendant be out of this state before, or depart after, the cause of action commences," (section 3236;) but that applies only when the defendant is a resident of the state. "If at any time, when any cause of action herein specified accrues against any person who is a *resident* of this state, and he is absent therefrom,"—clearly that does not apply. The other provision is: "If any person, by absconding or concealing himself, or by any other improper act, prevents the commencement of an action." It is alleged in the petition, to bring the case within that exception, that the defendant put the plaintiff, after the injury, under the care of one Dr. Ransom, its physician and surgeon, who was also the physician, or had been prior thereto, of the plaintiff; and that Dr. Ransom represented to him falsely and fraudulently that the injuries from which he was suffering did not result from that accident, but from syphilis; and that he was not aware for eight years, and until about two years prior to the commencement of this action, that these injuries from which he was suffering resulted from the accident.

The petition alleges that the car was thrown from the track, and that the plaintiff was rendered unconscious, and that when he became conscious he was either crawling out or being helped out of the car by some parties present, and that his bowels were black and blue. Then he goes on stating the character of his injuries. From that time the natural action of his bowels ceased, and he has suffered an-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

noyances and pain; and that, in consequence of the non-action of his bowels, epilepsy has set in, and his mind is giving way. Now, on the face of it, it appears that he was hurt, and knew it; that he was injured, and was conscious of it; and all that can be said is that these representations, falsely and fraudulently made by the doctor, were as to the extent of the injury which he had sustained. That does not bring the case within the statute. There was nothing in that to prevent the commencement of the action. All that can be said is that the representations of the doctor misled him as to the extent of the injury he suffered, not as to the fact that he had a cause of action, or had suffered injuries. Further, it is not alleged that the defendant employed the doctor to make any such false statement. It is true, it is charged that the doctor was a physician and surgeon of the defendant; but it is also alleged that he was the confidential physician of the plaintiff prior to the accident, and continued to so act thereafter. Even if true, as it is alleged, that he "falsely and fraudulently," and with all of the other adjectives that are commonly applied, made these representations, yet nowhere is it stated that he was employed or authorized by the defendant to make any such statements, or that the company knew he had made them. Under these circumstances, can it be said that the defendant, by any improper act, prevented the commencement of the action?

I think the demurrer must be sustained; and, it being one of those things which cannot be remedied, judgment will be entered for the defendant.